U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED    OCT - 4 2012

LORETTA G. WHYTE
CLERK

AO 241
(Rev. 10/07)

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Eastern |
|---|---|

| Name (under which you were convicted): William Chattman | Docket or Case No.: |
|---|---|

| Place of Confinement : Louisiana State Penitentiary | Prisoner No.: 296410 |
|---|---|

| Petitioner (include the name under which you were convicted) William Chattman | v. | Respondent (authorized person having custody of petitioner) Burl Cain, Warden, LSP |
|---|---|---|

The Attorney General of the State of  LOUISIANA

12-2473

SECT. I MAG. 2

TENDERED FOR FILING

SEP 10 2012

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:
24th J.D.C , Jefferson Parish, LA

(b) Criminal docket or case number (if you know): 98-6947

2.  (a) Date of the judgment of conviction (if you know): 10-18-00

(b) Date of sentencing:

3.  Length of sentence: Life

4.  In this case, were you convicted on more than one count or of more than one crime?  ☑ Yes   ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case: 1 count of Secon Degree Murder

6.  (a) What was your plea? (Check one)

|  |  |  |  |  |  |
|---|---|---|---|---|---|
| ☑ | (1) | Not guilty | ☐ | (3) | Nolo contendere (no contest) |
| ☐ | (2) | Guilty | ☐ | (4) | Insanity plea |

Fee $5.00

AO 241
(Rev. 10/07)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

☒ Jury   ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes   ☒ No

8. Did you appeal from the judgment of conviction?

☒ Yes   ☐ No

9. If you did appeal, answer the following:

(a) Name of court: Fifth Circuit

(b) Docket or case number (if you know): 01-556

(c) Result: affimed

(d) Date of result (if you know):

(e) Citation to the case (if you know): 833 So 2d 1043

(f) Grounds raised:

Indictment

(g) Did you seek further review by a higher state court? ☒ Yes   ☐ No

If yes, answer the following:

(1) Name of court: La Supreme Court

(2) Docket or case number (if you know): 833 So 2d 1043

(3) Result: denied

(4) Date of result (if you know): 12/19/02

AO 241
(Rev 10/07)

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?     ☐ Yes   ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.  Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?     ☒ Yes     ☐ No

11.  If your answer to Question 10 was "Yes," give the following information:

(a)     (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☒ No

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second petition, application, or motion, give the same information:

   (1) Name of court:

   (2) Docket or case number (if you know):

   (3) Date of filing (if you know):

   (4) Nature of the proceeding:

   (5) Grounds raised:

   (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

   ☐     Yes     ☐     No

   (7) Result:

   (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

   (1) Name of court:

   (2) Docket or case number (if you know):

   (3) Date of filing (if you know):

   (4) Nature of the proceeding:

   (5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐  Yes    ☑  No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1)  First petition:      ☑  Yes    ☐  No

(2)  Second petition:   ☑  Yes    ☐  No

(3)  Third petition:     ☑  Yes    ☐  No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE:

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c)      Direct Appeal of Ground One:

      (1) If you appealed from the judgment of conviction, did you raise this issue?     ☒ Yes     ☐ No

      (2) If you did not raise this issue in your direct appeal, explain why:

(d) Post-Conviction Proceedings:

      (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

            ☒ Yes     ☐ No

      (2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

      (3) Did you receive a hearing on your motion or petition?     ☐ Yes     ☒ No

      (4) Did you appeal from the denial of your motion or petition?     ☐ Yes     ☒ No

      (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☐ Yes     ☐ No

      (6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

      (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)     **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☒ Yes     ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

AO 241
(Rev. 10/07)

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☑ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

AO 241
(Rev. 10/07)

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c)     **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐  Yes     ☐  No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐   Yes     ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?     ☐  Yes     ☐  No

(4) Did you appeal from the denial of your motion or petition?     ☐  Yes     ☐  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐  Yes     ☐  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:

GROUND FOUR:

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)     Direct Appeal of Ground Four:

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes      ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes      ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

AO 241
(Rev 10/07)

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

AO 241
(Rev. 10/07)

13.    Please answer these additional questions about the petition you are filing:

    (a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

        having jurisdiction?    ☒  Yes    ☐  No

        If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

        presenting them:

    (b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so,

        ground or grounds have not been presented, and state your reasons for not presenting them:

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

    that you challenge in this petition?    ☐  Yes    ☒  No

    If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

    raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

    of any court opinion or order, if available.

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

    the judgment you are challenging?    ☐  Yes    ☒  No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the

    raised.

AO 243
(Rev 10/07)

16.   Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

(b) At arraignment and plea:

(c) At trial:

(d) At sentencing:

(e) On appeal:

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

17.   Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?        ☐  Yes        ☐  No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?        ☐  Yes        ☐  No

18.   TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

AO 241
(Rev 10/07)

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.   § 2244(d) provides in

part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
        custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

        (A)     the date on which the judgment became final by the conclusion of direct review or the  expiration
                of the time for seeking such review;

        (B)     the date on which the impediment to filing an application created by State action in violation of
                the Constitution or laws of the United States is removed, if the applicant was prevented from
                filing by such state action;

        (C)     the date on which the constitutional right asserted was initially recognized by the Supreme
                Court, if the right has been newly recognized by the Supreme Court and made retroactively
                applicable to cases on collateral review; or

        (D)     the date on which the factual predicate of the claim or claims presented could have been
                discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on ___8 – 27 – 12___ (month, date, year).

Executed (signed) on _____ (date).

_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

*Exhibit AA*

# Twenty-Fourth Judicial District Court of Louisiana

THE STATE OF LOUISIANA

Twenty-Fourth Judicial District

SS.

Parish of Jefferson

Twenty-Fourth Judicial District Court

The Grand Jurors of the State of Louisiana, duly empaneled and sworn, in and for the body of the Parish

of JEFFERSON, in the name and by the authority of the said State, upon their Oath, present: That one

CARLOS A. McCREW, b/m 2/26/80

WILLIAM B. CHATTMAN, b/m 6/10/72 AKA TERRY Will
dob 1-6-71 dob 6-?

late of the Parish of JEFFERSON on or about the ___24th___ day of ___September___ in the year of our Lord,

One Thousand Nine Hundred and ___Ninety-Eight___ (1998) with force and arms, in the Parish of JEFFERSON

aforesaid, and within the jurisdiction of the Twenty-Fourth Judicial District Court of Louisiana, in and for the Parish

of JEFFERSON aforesaid, then and there being violated  R. S. 14:30 in that they did commit
and
first degree murder of one Kevin Dermody,

Count 2) And, the Grand Jury further gives the Court to be

informed and to understand that the said Carlos A. McCrew and William

B. Chattman did then and there commit first degree murder of one

Dale Frank Savoy.

*Amended to*
*14:30.1 as to count*
*Double murder*
*as to counts 1 & 2*
*W.Carey DDA 1-18-2000*
*as to William*
*Chattman only*

*DEC 1998*

contrary to the form of the Statute of the State of Louisiana, in such case made and provided, and against the pe

and dignity of the State.

Asst. _____    District Attorney of the Twenty-Fourth Judicial District

ITEM #  I-22110-98
   Class I

36

No. **986947**

## The State of Louisiana
### VS.

CARLOS A. McGREW (JPCC)

WILLIAM B. CHATTMAN (JPCC)

## INDICTMENT FOR

FIRST DEGREE MURDER (2 cts)

R. S. - 14:30

December 3, 1990

True Bill

*Russell L. Borne*

Foreperson of the Grand Jury,

Parish of Jefferson

Witnesses for the State:

---

I hereby certify that the above and foregoing fingerprints on this indictment are the fingerprints of the defendant, and that they were placed thereon by said defendant on this _____ of _____, 19____

_____
Deputy Sheriff

| R. Thumb | R. Index | R. Middle | R. Ring | R. Little |
|---|---|---|---|---|
| L. Thumb | L. Index | L. Middle | L. Ring | L. Little |

I hereby certify that the above and foregoing fingerprints on this indictment are the fingerprints of the defendant, and that they were placed thereon by said defendant on this _____ of _____, 19____

_____
Deputy Sheriff

| R. Thumb | R. Index | R. Middle | R. Ring | R. Little |
|---|---|---|---|---|
| L. Thumb | L. Index | L. Middle | L. Ring | L. Little |

Exhibit A

Post Conviction relief application Writ "InValid indictment"

INMATE'S REQUEST FOR LEGAL/INDIGENT MAIL

NAME: William    #296410

NUMBER: Chattman

LOCATION: Bear #1

BALANCE IN YOUR DRAWING ACCOUNT: $    0

LIST EACH ITEM TO BE MAILED
GIVE THE NAME AND COMPLETE ADDRESS OF EACH
PIECE TO BE MAILED:

24th JDC. Parish of Jefferson
name
P.O. box 10
address
Gretna, La. 70054
city, state, zip code

name

address

city, state, zip code

name

address

city, state, zip code

ANY DELIBERATE MISREPRESENTATION WILL RESULT
IN YOUR MAIL BEING RETURNED

inmate's signature and number

classification officer    date   10/17/2011

Exhibit B

TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON
STATE OF LOUISIANA

RECEIVED

NOV 1 5 2011

W.F.P.S.O.

NO. 98-6947

DIVISION " "

FILED

NOV 0 7 2011

STATE OF LOUISIANA

VERSUS

WILLIAM CHATTMAN

FILED : _____

_____
DEPUTY CLERK

## O R D E R

This matter comes before the court on defendant's **APPLICATION FOR POST-CONVICTION RELIEF, STAMPED AS FILED OCTOBER 20, 2011.**

On October 18, 2000, the defendant was convicted of two counts of LSA-R.S. 14:30.1, relative to second degree murder. On October 26, 2011, the court sentenced him to life imprisonment at hard labor. Defendant's convictions and sentences were affirmed on appeal. State v. Chattman, 01-556 (La. App. 5 Cir. 10/30/1); 800 So.2d 1043; writ denied, 2001-3320 (La. 12/19/02), 833 So.2d 1043.

The defendant now files an application for post-conviction relief, and claims that essential elements were omitted from his indictment.

The court will not address the merits of his claim because this application for post-conviction relief is untimely. Under the clear language of LSA-C.Cr.P. art. 930.8, the defendant had two years from the date his conviction and sentence became final to file an application for post-conviction relief, unless he proved an exception to the time limitations of LSA-C.Cr.P. art. 930.8 (A). The defendant does not claim that any of the exceptions for delayed filing apply to his case.

Accordingly,
**IT IS ORDERED BY THE COURT** that defendant's motion be and the same is hereby **DENIED.**

Gretna, Louisiana this _____7th_____ day of ___November___, 20 11.

_____
JUDGE

PLEASE SERVE:

PRISONER: William Chattman, DOC # 296410, Louisiana State Penitentiary, Angola, LA 70712

A TRUE COPY OF THE OR......
ON FILE IN THIS OFFICE

_____
DEPUTY CLERK
24th. JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, LA.

IMAGED NOV 9 2011

JUDICIAL DIVISION
JEFFERSON PARISH
SHERIFF'S OFFICE
2011 NOV 10 A 9 41

issued 11/9/11

Exhibit C

OFFENDER'S REQUEST FOR LEGAL/INDIGENT

NAME: _William_

NUMBER: _Chatman_

LOCATION: _BEAR - 1_

BALANCE IN YOUR DRAWING ACCOUNT: $ ___

LIST EACH ITEM TO BE MAILED
GIVE THE NAME AND COMPLETE ADDRESS O
PIECE TO BE MAILED:

name _Court of Appeal_

address _Fifth Circuit_

city, state, zip code _P.O. Box 489_
_Gretna, LA. 70054_

name

address

city, state, zip code

name

address

city, state, zip code

ANY DELIBERATE MISREPRESENTATION WII
IN YOUR MAIL BEING RETURNED

_Court of Appeal Fifth Circuit_
_Application for supervisory_

_William Chatman #29_
offender's signature and number

classification officer                    date

_11/28_

# *Application For Writs*

## No. '11-KH-1120

# COURT OF APPEAL, FIFTH CIRCUIT

# STATE OF LOUISIANA

DEC - 6 2011

*Mary P Legnon*

Deputy Clerk

**WILLIAM CHATTMAN**
**VERSUS**
**STATE OF LOUISIANA**

IN RE  WILLIAM CHATTMAN

**APPLYING FOR**  SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE ROSS P. LADART, DIVISION "O", NUMBER 98-6947

**Attorneys for Relator:**

William Chattman #296410
Louisiana State Penitentiary
Angola, LA 70712

**Attorneys for Respondent:**

Terry M. Boudreaux
Assistant District Attorney
Parish of Jefferson
200 Derbigny Street
Gretna, LA 70053
(504) 368-1020

### WRIT DENIED

In this writ application, relator alleges that the trial court erred in denying his application for post-conviction relief, alleging that his indictment was defective, on the basis that his application was untimely.

LSA-C.Cr.P. art. 930.8 (A) provides in pertinent part that "[n]o application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final[,]" unless one of the four enumerated exceptions applies.

Relator's application was filed on October 20, 2011, more than two years after his conviction and sentence became final, *State v. Chattman*, 01-556 (La. App. 5 Cir. 10/30/01), 800 So.2d 1043, *writ denied*, 2001-3320 (La. 12/19/02), 833 So.2d 332. Relator does not allege that one of the enumerated exceptions to the two year period applies, thus the trial court did not err in denying his application for post-conviction relief on those grounds.

Accordingly, this writ application is denied.

Gretna, Louisiana, this 14th day of December, 2011.

*CEM*

**JUDGE CLARENCE E. MCMANUS**

*Smc*

**JUDGE SUSAN M. CHEHARDY**

*MEJ*

**JUDGE MARC E. JOHNSON**

A TRUE COPY
GRETNA

DEC 14 2011

*Mary Legnon*  DEPUTY CLERK
COURT OF APPEAL, FIFTH CIRCUIT

*Exhibit E*

INMATE'S REQUEST FOR LEGAL/INDIGENT MAIL

NAME: _W. Chattman_

NUMBER: _296410_

LOCATION: _BeAR-1_

BALANCE IN YOUR DRAWING ACCOUNT: $ ___0___

LIST EACH ITEM TO BE MAILED
GIVE THE NAME AND COMPLETE ADDRESS OF EACH
PIECE TO BE MAILED:

_Supreme Court_
name
_State of Louisiana_
address
_400 Royal Street_
city, state, zip code
_N.O., 70130_

_____
name
_____
address
_____
city, state, zip code

_____
name
_____
address
_____
city, state, zip code

ANY DELIBERATE MISREPRESENTATION WILL RESULT
IN YOUR MAIL BEING RETURNED

_W. Chattman  296410_
inmate's signature and number

_John Hensley  12/20/2011_
classification officer        date

*Application for Writ of Certiorari and/or Review*

*Exhibit F*

# The Supreme Court of the State of Louisiana

**STATE EX REL. WILLIAM CHATTMAN**

NO.   2012-KH-0013

**VS.**

**STATE OF LOUISIANA**

- - - - - -

IN RE:  Chattman, William; - Plaintiff; Applying For Supervisory and/or Remedial Writs, Parish of Jefferson,  24th Judicial District Court Div. O, No. 98-6947; to the Court of Appeal, Fifth Circuit, No. 11-KH-1120;

- - - - - -

**August 22, 2012**

Denied. La.C.Cr.P. art. 930.8; State ex rel. Glover v. State, 93-2330 (La. 9/5/95), 660 So.2d 1189.

JPV

BJJ

JTK

JLW

GGG

MRC

Supreme Court of Louisiana
August 22, 2012

*Robin A. Burns*

**Deputy**  Clerk of Court
       For the Court

IN THE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WILLIAM CHATTMAN,
       *Pro se Petitioner*

Versus

N. BURL CAIN, (LSP) WARDEN
       *Respondent*

CIVIL ACTION NO.:_____

FILED: _____

_____
CLERK OF COURT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### STATEMENT OF JURISDICTION

Prisoner is in custody in violation of the Constitution, Laws, or Treaties of the United States, 28 U.S.C. 2254, (a)(d), and simply directs that the court dispose of the matter as law and justice requires.

### STATEMENT OF THE CASE

An indictment issued on  December 3, 1998 , charged that William Chattman, petitioner, committed Second Degree Murder in violation of La. R.S. 14:30.1.

### PROCEDURAL HISTORY

On  October 18, 2000 , the Petitioner was found guilty by a jury verdict to a charge of second Degree Murder in violation of 14:30.1. Petitioner filed an Application for Post Conviction on  October 17, 2011 , District Court Docket Number: 98-6947,

2.

Division "O", asserting that his Indictment was insufficient. (See Mailing Receipt, Exhibit ___A___ ).

The District Court later denied Petitioner's Writ Application on November 7, 2011. (See Exhibit ___B___ ). Petitioner then sought further relief by filing writs in the Fifth Circuit Court of Appeal for Writ of Supervisory Review of the 24th JDC denial on __11-28-11__ , Docket Number: 2011-K-0516. (See Mailing Receipt, Exhibit ___C___ ). The Fifth Circuit Court of Appeal denied relief on __December 14, 2011__. (See Exhibit ___D___ ).

Petitioner then properly appealed the Fifth Circuit Court's decision on __12-20-11__ , to the Louisiana Supreme Court with a Writ of Certiorari and/or Review, Docket Number: __2012-KH-13__. (See Mailing Receipt, Exhibit ___E___ ). Thereafter, the Louisiana Supreme Court later denied Petitioner's Writ of Certiorari and/or Review on __8-22-12__ (See Exhibit ___F___ ).

## STATEMENT OF FACTS

Petitioner's indictment fails to charge all essential ingredients/elements necessary to charge Second Degree Murder, La. R.S. 14:30.1, in which the trial court had no Jurisdiction to proceed further to even have Petitioner tried or convicted.

## CLAIM PRESENTED

If "Specific Intent," Knowledge, or a Specific State of Mind is included in the definition of an offense, can an Indictment be sufficient if it omits this

3.

essential ingredient/element of the offense, though the U.S. Constitution requires that every essential element of a crime be presented and proved in an indictment?

## BRIEF IN SUPPORT
## OF HABEAS CORPUS RELIEF

MAY IT PLEASE THIS HONORABLE COURT:

NOW INTO COURT comes Petitioner, William Chattman, Pro se, presenting the following as it may for Habeas Corpus Relief for the following reasons, to wit:

I.

Petitioner asserts that the 24th JDC, Parish of Jefferson, erred in denying his Writ application as untimely under LSA C.Cr.P. Art. 930.8 (A), and that the Fifth Circuit Court of Appeal and the Louisiana Supreme Court also erred in holding that the 24th JDC did not err in denying his Writ Application for Post Conviction Relief, on those grounds.

II.

Petitioner directs to this Court's attention that the State Court's ruling is erroneous because his claim is Error Patent and a Jurisdictional Defect on the face of the record and that it can be brought up at any stage under Article 920.2, in which petitioner asserts that his claim does not have to meet any exception enumerated in Article 930.8, because it is an evidence bar and petitioner's claim is not discovered through evidence but by a mere inspection of the pleadings and proceedings.

4.

III.

Furthermore. Petitioner simply asserts that the presumption of correctness should not be applied to the State Court's ruling, because denying petitioner's claim as untimely is an incorrect ruling, as in, that Article 930.8 (A) does not apply to error patent on the face of the record because "lack of jurisdiction is a fundamental defect which can be raised at any stage in the proceedings, or upon appeal for the first time. Article 920.2, or by writ of Habeas Corpus, Article 362.1." And because "the Factual Predicate for his claim could not have been discovered previously through the exercise of due diligence," because the defect is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence. See La. C.Cr.P. Article 920.2.

IV.

Petitioner asserts that the State Court lacked subject matter jurisdiction, and he did not receive a full and fair hearing. Also, he was denied due process of law.

V.

Whereas, petitioner asserts that the state court's ruling should not be presumed correct because he has shown by convincing evidence that the state court's ruling is erroneous. (28 U.S.C. § 2254 (d), (1988). See, Sumner I, 449 U.S., at 550).

In light of the above and foregoing evidence, petitioner asks that his

5.

averments be deemed as good and find that the state court's ruling is incorrect and dispose of his claim as law and justice requires.

## CLAIM ONE

Petitioner asserts that his Fifth, Sixth and Fourteenth Amendment rights to the U.S. Constitution have been violated.

Petitioner, on *12-3-98*, was indicted by a grand jury on a charge of First Degree Murder, in which was later amended to Second Degree Murder in violation of La. R.S. 14:30.1. However, petitioner's indictment fails to contain all essential elements of the offense. La. R.S. 14:30.1, is a "specific intent" crime and therefore, must be listed in the indictment as an essential element of the offense.

When "specific intent," knowledge, or specific state of mind are included in the definition of an offense, this is an essential element of the crime and must be particularly charged as a fact in the indictment or information.

Petitioner quotes that this rule, which is responsive to federal constitutional requirements, is universal throughout this country. The point petitioner makes is that, because there are two kinds of intent, "specific intent," La. R.S. 14:10 (1), and "general intent," La. R.S. 14:10 (2); (See Petitioner's indictment, Exhibit A), and because petitioner's indictment is silent to the element of "specific intent," it does not charge a crime under the Sixth Amendment to the U.S. Constitution. See *Russell*, 369 U.S. at 770, 82 S.Ct. 1038, 8 L.Ed. 2D 240 (1962). It has long been

held that an indictment's failure to charge an offense constitutes a jurisdictional defect. See United States v. Hughley, 147 F.3d 423, 436 (5th Cir. 1998).

Petitioner sets forth that the indictment is invalid and that the district court was not presented with a sufficient, factual basis to even bring him to trial, much less, convict him on a non-existent charge.

Petitioner asserts that the indictment is insufficient because it omits the essential element, i.e., "specific intent," as included in the definition of Second Degree Murder, which describes a specific state of mind. It is supposed to be included because it is an essential ingredient of the offense in which its omission fails to put petitioner on notice of the specific intent that the government would have to prove in order for petitioner to present his defense, as guaranteed by the Fourteenth Amendment to the U.S. constitution.

There is no question that a grand jury indictment must set forth each essential element of the offense in order for a resulting conviction to stand. Russell v. United States, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed. 2D 240 (1962).

First, the Sixth Amendment to the U.S. Constitution requires that every criminal defendant "be informed of the nature and cause of the accusation," and the inclusion of the essential elements of an offense in an indictment provides the accused with the bare minimum of information necessary to meet this requirement.

The purpose of the Sixth Amendment guarantee is to allow the defendant to

prepare a full defense and insure that he is not surprised at trial. An intelligent and full understanding by the accused of the charge against him is the first requisite of Due Process.

Second, the Fifth Amendment to the U.S. Constitution guarantees the right of a grand jury indictment to each defendant prosecuted for an "infamous," or serious crime. The indictment ensures that the grand jury has had the opportunity to review evidence supporting, and find sufficient cause to charge a defendant with each element of the offense before the court may entertain prosecution.

Unless every element of an offense appears in the indictment, it is impossible to assure the defendant that a grand jury properly determined probable cause of the offense, See Honea v. United States, 344 F.2d 798 (5ᵗʰ Cir. 1965). Under the Fifth Amendment guarantee, to allow a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment, would deprive the defendant of a basic protection, which the guarantee of the intervention of a grand jury was designed to secure. U.S. v. Huff, 512 F.2d 66 (5ᵗʰ Cir. 1975); U.S. v. Varkoji, 645 F.2d 453 (5ᵗʰ Cir. 1981).

A grand jury can perform its function of determining probable cause and return a true bill only if all element of the offense are contained in the indictment. Russell v. United States, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed. 2D 240 (1962). Only the appearance in the indictment of all the offense's elements meets this requirement.

8.

If an indictment does not contain every essential element of the offense, it is invalid, and a bill of particulars cannot cure the defect. U.S. v. Loayza, 107 F.3d 257 (4th Cir. 1997). Neither the prosecution's introduction of evidence substantiating the elements, nor the jury instructions accurately included, the element can't cure the fatally defective indictment. See U.S. v. Asibor, 109 F.3d 1023 (5th Cir. 1997); U.S. v. Flores-Pera, 58 F.2d 164 (5th cir. 1995).

Without prosecution on the indictment, judicial tribunals are powerless to proceed, for this document forms the very foundation of jurisdiction. If there is nothing before the court which the prisoner, in the language of the Constitution, can be held to answer, he is then entitled to be discharged. U.S. v. Flemming, 215 F.3d 930 (5th Cir. 2000); U.S. v. Morrow, 177 F.3d 272 (5th Cir. 1999).

In other words, the indictment's failure to include the essential ingredients to the crime charged, i.e., "specific intent," constitutes that rare bird known as "structural" error, subjecting the district court's proceedings as, "so intrinsically harmful" as to require automatic reversal.

"Where a statute declares that the doing of an act with some special intent shall be a crime then the indictment 'must' charge not only the act, but also the intent   , or it fails to charge an offense." Quoting language in State v. Berger, 156 La. 737; 101 So. 124; 1924 La. Lexis 2087.

Petitioner, thus, sets forth that the government does not acknowledge its own laws as provided by the Louisiana Constitution. . .

"That all government of right is instituted to protect the rights of the individual, and for the good of the whole." Article I, Section I.

"That no person shall be deprived of life, liberty, or property, except by due process." Article I, Section II.

"That no person shall be deprived of equal protection of the laws." Article I, Section III.

"That in a criminal prosecution, an accused shall be informed of the nature and cause of the accusation against him." Article I, Section XIII.

"And that no person shall be held to answer for a capital crime or a crime punishable by life imprisonment except on indictment by grand jury." Article I, Section XVI.

Petitioner asserts that nothing can destroy a government more quickly than its failure to observe its own laws, or worse, its disregard of the character of its own existence. Furthermore, petitioner asserts that not only did the government disregard its own existence of the law at a state level, it also does not acknowledge the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution, as well as provided herein.

"Our government is the potent, the omnipresent teacher, for good or for ill, it teaches the whole people by its example. . . If the government becomes a law breaker, it breeds contempt for the laws; it invites every man to become a law unto himself; it invites anarchy." Quoting Mr. Justice Brandies, dissenting in Olmstead v. United States, 277 U.S. 438, 485, 48 S.Ct. 564, 72 L.Ed. 944, 66 ALR 376 (1928).

In several cases the respondent has reference to the "technical nature" of

10.

the error. See U.S. v. Gayton, 74 F.3d at 551. However, the failure to allege an element of the offense is not technical. See U.S. v. Wong Kim Bo, 466 F.2d 1298 (5th Cir. 1972). Petitioner recognizes that an element is not always an essential element, simply because the prosecution carries the burden of proof. However, here the element embodies the culpability of the offense.

Requiring that all of the elements, rather than mere statutory citations, appear on the face of the indictment helps to ensure that the grand jury has done this. U.S. v. Cabrera, 168 F.2d 141 (5th Cir. 1999); U.S. v. Outler, 659 F.2d at 1308 (5th Cir. 1993). It is well settled, an indictment that fails to charge an offense deprives the court of jurisdiction and the court has no right to proceed any further.

"It can probably be raised also by habeas corpus on the ground that a court that tried a defendant for a capital offense without a grand jury indictment, "exceeded its jurisdiction." La. C.Cr.P. Article 362 (1).

## CONCLUSION

And in closing, petitioner sets forth that his claim is Patent Error and lack of jurisdiction is a fundamental defect which can be raised at any stage in the proceedings, or upon appeal for the first time. La. C.Cr.P. Article 920 (2), or by Writ of Habeas Corpus, La. C.Cr.P. Article 362 (1).

William Chattman, *Pro se Petitioner*

11.

## CERTIFICATE OF SERVICE/AFFIDAVIT

I, _William Chattman_/ swear and aver that the above and foregoing

matter is true to the best of my knowledge. I further swear and aver that a copy of

same has been handed to prison officials personally to be mailed to the counsel

for respondent and to the Parish of Jefferson, Judicial District Court Clerk, by

U.S. Mail Postage Prepaid.

Done of this _27_ day of _August_ , 20_12_.

Respectfully Submitted,

William Chattman, #296410
Camp C, Bear – 1
Louisiana State Penitentiary
Angola, Louisiana  70712

12.

SCANNED at LSP and Emailed
9-18-12 by ___ 36 pages
date      initials   No.

RECEIVED

SEP 1 0 2012

Legal Programs Department

IN THE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

DOCKET NUMBER: _____

WILLIAM CHATTMAN
*Petitioner*

Versus

N. CAIN WARDEN
Louisiana State Penitentiary
*Respondent*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PETITION FOR WRIT OF HABEAS CORPUS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Original Brief on Behalf of William Chattman

Respectfully Submitted,

William Chattman, #296410
Camp C, Bear – 1
Louisiana State Penitentiary
Angola, Louisiana  70712

1.