UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WILLIAM CHATTMAN                             CIVIL ACTION

versus                                       NO. 12-2473

BURL CAIN, WARDEN, LSP                       SECTION: "A" (1)

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE** as untimely.

Petitioner, William Chattman, is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On October 18, 2000, he was convicted of two counts of second

degree murder under Louisiana law.[1] On October 26, 2000, he was sentenced on each count to a concurrent term of life imprisonment without benefit of parole, probation, or suspension of sentence.[2] On October 30, 2001, the Louisiana Fifth Circuit Court of Appeal affirmed those convictions and sentences.[3] Petitioner's related writ application was then denied by the Louisiana Supreme Court on December 19, 2002.[4]

On October 17, 2011, petitioner filed an application for post-conviction relief with the state district court.[5] That application was denied as untimely on November 7, 2011.[6] His related writ applications were likewise denied on that same ground by the Louisiana Fifth Circuit Court of Appeal on December 14, 2011,[7] and by the Louisiana Supreme Court on August 22, 2012.[8]

---

[1] State Rec., Vol. V of X, transcript of October 18, 2000, p. 88; State Rec., Vol. I of X, minute entry dated October 18, 2000; State Rec., Vol. I of X, jury verdict form.

[2] State Rec., Vol. V of X, transcript of October 26, 2000, p. 8.

[3] State v. Chattman, 800 So.2d 1043 (La. 2001) (No. 01-KA-556); State Rec., Vol. X of X.

[4] State v. Chattman, 833 So.2d 332 (La. 2002) (No. 2001-KO-3320); State Rec., Vol. X of X.

[5] State Rec., Vol. IX of X; see also Rec. Doc. 1, pp. 18 and 24.

[6] State Rec., Vol. IX of X, Order dated November 7, 2011.

[7] Chattman v. State, No. 11-KH-1120 (La. App. 5th Cir. Dec. 14, 2011); State Rec., Vol. IX of X.

[8] State ex rel. Chattman v. State, 97 So.3d 356 (La. 2012) (No. 2012-KH-0013); State Rec., Vol. IX of X.

On August 27, 2012, petitioner filed the instant federal application for *habeas corpus* relief claiming that his indictment was defective.[9] The state filed a response arguing that the federal application was untimely.[10] The state is correct.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final."[11] On that point, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003).

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008).

As noted, the Louisiana Supreme Court denied petitioner's writ application on direct review on December 19, 2002.[12] Accordingly, his state criminal judgment became final for the

---

[9] Rec. Doc. 1.

[10] Rec. Doc. 6.

[11] Although 28 U.S.C. § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

[12] State v. Chattman, 833 So.2d 332 (La. 2002) (No. 2001-KO-3320); State Rec., Vol. X of X.

purposes of the AEDPA, and his federal limitations period therefore commenced, on March 19, 2003. See id. at 317-18. The federal limitations period then expired one year later on March 19, 2004, unless that deadline was extended through tolling.

The Court first considers statutory tolling. Regarding the statute of limitations, the AEDPA expressly provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However, petitioner had no such applications pending at any time during the applicable one-year period. Therefore, he is not entitled to any statutory tolling credit under 28 U.S.C. § 2244(d)(2).[13]

The Court must next consider equitable tolling. The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling. Holland v. Florida, 130 S.Ct. 2549, 2560 (2010). That said, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (internal quotation marks omitted); see also Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294

---

[13] The Court notes that petitioner filed a state post-conviction relief application many years later on October 17, 2011. However, applications filed *after* the expiration of the federal statute of limitations have no bearing on the timeliness of his federal application. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000). Simply put, once the federal limitations period expired, "[t]here was nothing to toll." Butler, 533 F.3d at 318.

F.3d 626, 629 (5th Cir. 2002). In the instant case, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

Because petitioner is entitled to neither statutory nor equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before March 19, 2004. Because his federal application was not filed until August 27, 2012,[14] it is untimely.

## RECOMMENDATION

Accordingly,

**IT IS RECOMMENDED** that petitioner's Motion for Summary Judgment, Rec. Doc. 5, be **DENIED**.

**IT IS FURTHER RECOMMENDED** that his petition for federal *habeas corpus* relief be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

---

[14] "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner placed his federal application in the prison mailing system on August 27, 2012. Rec. Doc. 1, p. 15.

a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[15]

    New Orleans, Louisiana, this twenty-first day of November, 2012.

                                              **SALLY SHUSHAN**
                                              **UNITED STATES MAGISTRATE JUDGE**

---

[15] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.