United States
Eastern District Court of L.A.

William Chattman
Versus
Burl Cain, Warden, (LSP)

Civil action
No. 12-2473 Sec "A" (1)

U. S. DISTRICT COURT
Eastern District of Louisiana
FILED DEC - 3 2012
LORETTA G. WHYTE
Clerk

(Clerks File date)

Petitioner's Objection to Magistrate's R and R

The Magistrate Judge reccomends that Petitioner's Motion for Summary Judgement should be denied, and Further that his Petition for Federal habeas Corpus relief be dismissed with Pre-Judice as untimely. (See Magistrate's R and R)

For the following reasons Petitioner asserts that his Petition should not be dismissed with Prejudice as untimely:

### "-1-"
### -Good Cause Exception-

Jurisdiction is not barable or waveable. (See Harris v. U.S., 149 F.3d 1304 (C.A. 11th (Ala) 1998.

Post Bain cases confirm that (535 U.S. 626) indictment defects do not deprive a Court of its Power to adjudicate a case. See e.g. Lamar v. United States, 240 U.S. 60, 36 S.ct. 255, 60 L.Ed. 526.

However, The "United States" (Supreme Court) some time ago departed from Bain's view that indictment defects are "Jurisdictional". (Stirone v. United States, 361 U.S. 212, 80 S.ct. 270, 4 L.Ed.2d 252 Russell v. United States, 369 U.S. 749, 82 S.ct. 1038, 8 L.Ed 2.d 240, distinguished. Insofar as it held that a defective indictment deprives a court of Jurisdiction. Bain is over ruled.

(1)

Thus the Point Petitioner makes is that where a "Jurisdictional defect" is discovered through a mere inspection of the "Pleadings" and "Proceedings" in a case, after a conviction has become finalized, the timeliness for filing is not barable or waivable when a court has exceeded its Jurisdiction.

To this Point Petitioner assert that barring his claim as untimely in light of the State Courts Lack of Jurisdiction, would trigger Furthur adjudications to the case that would also be void and/or null for that matter.

It is well settled, that an indictment that fails to charge an offense deprives the Court of Jurisdiction and the Court has no right to Proceed any Furthur. Under the Good Cause exception Petitioner's Petition for Federal Habeas relief should not be dismissed with Prejudice as untimely.

-2-

- In the "ends of Justice" exception -

Petitioner moves the court to take note of Judicial Matters under rule 201 of the rules of evidence, which state: ... "A court shall take Note of Judicial Matters when Provided with the Information." Please Note the following:

Petitioner asserts his claim is an exception to art. 930.8 because his claim is Patent error on the face of the record. <u>Jackson v. Henderson</u>, 283 So. 2d 210

"Erroneous indictments is error discoverable by mere inspection of the Pleadings and Proceedings as contemplated in art 920 concerning scope of appellate review." (see art. 920.2)

The court will note Petitioner has alleged that his indictment fails to state a material element of the offense thereby depriving the trial court of jurisdiction. See State v. Duhon, 77 So. 2d. 791

"There can be no conviction or punishment for a crime without a formal and sufficient accusation." "In absence thereof, a court has no jurisdiction what-so-ever, and if it assumes jurisdiction a trial and conviction are null". (see also U.S. v. McGiberry, 480 F.3d. 326 (5th cir. 2007)

"An indictment is not sufficient if it fails to state a material element of the offense."

Also of import, Petitioner has set forth an exception to 9.30.8 (A Jurisdictional defect)

And in closing Petitioner states a bill of particulars will not cure an indictment that omits an essential element of the offense. Russell v. U.S., 369 U.S. 749

An indictment even in short form must comply with the U.S. Constitutions Mandate, that every material fact be set fourth within. (see U.S. v. Henry, 288 F.3d 657 (5th cir. 2002) See also 930.3 (2) The court exceeded its jurisdiction.

In the Ends of Justice exception Petitioner's Petition for Federal Habeas relief should not be dismissed with Prejudice as untimely.

## Conclusion

Whereas, Petitioner hopes and prays that the court grant his motion for Summary Judgement and dispose of his claim as the Law and Justice would require.

(3)

## Affidavit/Certification

I, William Chattman, swears and avers that the foregoing is true and correct to the best of my knowledge and belief, and furthur that a copy of same has been mailed to this court four the U.S. Eastern district of Louisiana.

Done on this 2 day of December 2012

William Chattman
# 296410
La. State Prison
Angola, La. 70712

Respectfully Submitted:

(4)

(Clerk's Office)
U.S. District Court
Eastern District of
Louisiana

date: Dec. 2, 2012

SCANNED at LSP and Emailed
12-3-12 by SG, 5 pages
date   initials   No.

RECEIVED
DEC 03 2012
Legal Programs Department

Re: William Chattman
versus
Burl Cain, (LSP)
(docket No. 12-2473 Sec "A" (1)

Dear Clerk,

Enclosed to be immediately filed by your office, Please find One (1) hand written copy of Petitioner's Objections to the Magistrate's R and R.?

Petitioner ask Furthurly that your office Please notify him upon your office's recieving and filings in this matter?

Thanks in advance for your office's assistance in this matter!

Sincerely,
William Chattman
# ▇▇▇▇
296410
La. State Prison
Angola, La. 70712